UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABBAS ELCHEIKHALI, | ) | CASE NO. 4:09 CV 1616 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CCA, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Abbas Elcheikhali filed this action under 42 U.S.C. § 1983 against "CCA, & the Warden & Carmen Delgado Unit Manager & M. Rabinson Counselor & all NEOCC." (Compl. at 1.) In the complaint, plaintiff alleges two letters addressed to him were returned to the senders as "undeliverable." He seeks $5,000,000.00 in damages.

**Background**

At the time the complaint was filed, Mr. Elcheikhali was incarcerated in the Northeast Ohio Correctional Center ("NEOCC"), which is owned and operated by Corrections Corporation of America ("CCA"). He contends that, on April 1, 2009, a letter addressed to him by the United States District Court for the District of New Jersey was returned as undeliverable. He states that a second letter sent by his family on June 13, 2009 was returned to them. That letter

contained funds which Mr. Elcheikhali intended to use to pay court costs. He claims his Unit Manager and Counselor transferred him to the disciplinary unit of the prison for failing to make a payment. He indicates he suffers from panic attacks and an anxiety disorder. He contends his disciplinary placement aggravated his mental health conditions. He states his unit manager and counselor did not consult with his psychiatrist. He claims he was also housed in a three man cell. He claims his disorder makes it difficult for him to be in a three man cell. He contends they violated his Eighth Amendment rights.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Elcheikhali fails to state a claim for relief against CCA, its Warden, or "all NEOCC." There are no allegations against any of these defendants. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.

*Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

It appears that these defendants were named in the complaint because they supervise or employ other individuals who committed the acts of which Mr. Elcheikhali complains. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* In order for liability to attach to any supervisors, the plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. *Id*. He must show that the supervisors somehow encouraged or condoned the actions of their inferiors. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint which suggest a basis for liability against CCA, the NEOCC Warden, or NEOCC.

Mr. Elcheikhali also fails to state a claim for relief against Carmen Delgado and M. Rabinson. He states these individuals placed him in the disciplinary unit. He states they knew of his anxiety disorder and did not consult his psychiatrist. He claims this violates his Eighth Amendment rights. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the

Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing that prison officials acted with a sufficiently culpable state of mind. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, plaintiff fails to establish the objective component of his claim. He provides no information about the conditions of the disciplinary unit. Having a pre-existing mental health condition does not make an inmate immune from discipline within the confines of the prison. He does not allege that his mental health needs were not addressed while in the disciplinary unit.

Moreover, the plaintiff has not established that defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. He states that the defendants were aware of his pre-existing mental health condition. Even liberally construing that allegation, there are no allegations that indicate the defendants acted with a degree of culpability greater than mere negligence.

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* There are no allegations on the face of the complaint which state a plausible claim for relief against Carmen Delgado or M. Rabinson.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: October 31, 2009

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.